Curia, per Wardlaw, J.
This court is not called upon to decide how far thé validity of the judgment of McCrea and Cantey against Singleton might be inquired into, when it comes collaterally into question as a link in the defendant’s title upon the trial of the issue in the case of Ingram against Belk. But regarding the rule and motion here presented, as an independent proceeding to set aside and make void that judgment, the court can entertain no doubt that the motion was properly refused, and upon proper grounds. The judgment of a court would be worse than useless, if, where no imputation of the want of jurisdiction over the subject was made, the judgment, after it had been recorded, and even satisfied, might be revoked and abrogated, without notice to the party in whose favor it was rendered.
Even with such notice, the proceedings to set aside a .judgment could not be had before a Judge at chambers, or, which is the same thing, before a Judge not sitting-in the court which rendered the judgment. The Act of 1818, 7 Stat. 321, authorises a Judge at chambers to hear motions iC to set aside or stay executions.” An execution is the act of the officers of court, which has not undergone the supervision of the court; for irregularity in the process itself, or for matters supervening the judgment, it may be sometimes highly important that summary means to arrest the execution should be exerted; but a judgment is the act of the court, and if, for causes which might have been urged against its being rendered, a Judge, not holding that court, should undertake to annul it, the distinction *113 between term time and vacation, and between the court and the Judge, would be entirely broken down. Motion refused.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.